# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALBERTO ESPINOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00407HEA |
| | ) | |
| HUSMANN CORPORATION, | ) | |
| CAROL BLOOMFIELD AND | ) | |
| SARAH GREENWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 5]. Defendant Hussmann Corporation ("Hussmann") opposes the Motion. For the reasons set out below, the Motion is denied.

### Facts and Background

Prior to initiating the instant case, on December 21, 2009, Plaintiff commenced an action in this Court entitled *Alberto Espinola v. Ingersoll Rand, Inc., James Wardlaw, Gordon Shaw, Jim Kingsley, Carol Bloomfield and Sarah Greenwood* (Case No. 4:09-CV-02090) ("Original Action"). The Original Action alleged employment discrimination under Title VII of the Civil Rights Act of 1964 on the basis of race, color, religion, gender, or national origin and retaliation contrary to the anti-retaliation provisions also contained therein.

Plaintiff then initiated a second action, this action, by filing a Petition in the Missouri Circuit Court, Twenty-First Judicial Circuit (County of St. Louis) on or around February 25, 2010. In this action, Plaintiff named Hussmann, Carol Bloomfield, and Sarah Greenwood as defendants. Plaintiff asserts discrimination claims under the Missouri Human Rights Act, § 213.101 R.S.Mo., *et seq*. ("MHRA"), alleging defendants discriminated against him on the basis of his race and national origin, and in retaliation for his objections and complaints regarding the alleged discriminatory acts.

In the instant case, Defendant Hussmann, along with third party Ingersoll Rand Company ("Ingersoll Rand"), filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, on March 8, 2010 arguing that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Additionally, Defendant Hussmann argued that it had been fraudulently joined in the state court lawsuit for the purpose of destroying diversity jurisdiction in federal court. Hussmann alleges that Ingersoll Rand is the proper defendant and requests the Court dismiss it from the action and substitute Ingersoll Ran in its place. On April 7, 2010, Plaintiff filed his Motion to Remand the Case to State Court. In his Motion, Plaintiff argues that the Court lacks jurisdiction due to lack of diversity of citizenship among the defendants.

The question before the Court is who was Plaintiff's employer. The employer is the real party in interest and, thus, the party whose citizenship must be examined to determine diversity jurisdiction.

**Standard for Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's Assurance Co.*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

**Discussion**

In his state court petition, Plaintiff alleges that the defendants violated the MHRA by requiring him to do a "360 Evaluation," by not allowing him to live in Texas, and for

3

terminating his employment. As discussed above, Plaintiff's state court action listed Hussmann, Carol Bloomfield, and Sarah Greenwood–all Missouri residents–as defendants. Ingersoll Rand, a New Jersey corporation, was not a named defendant in the state court action. However, when Defendant Hussmann filed its Notice of Removal, counsel for Ingersoll Rand, who also represents Hussmann, requested that the Court substitute Ingersoll Rand for Hussmann as the proper defendant, thereby establishing diversity jurisdiction. Furthermore, counsel for Hussmann and Ingersoll Rand suggests that Plaintiff has attempted to avoid the jurisdiction of this Court by intentionally naming the wrong party to the lawsuit.

Generally, "[j]oinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Sprint Spectrum L.P. v. AT & T Communications, Inc.*. 2001 WL 36143293 at *2. "Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant." *Id.* (citing *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995)). Additionally, when "the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper. *Reeb*, 902 F.Supp at 187. The burden of proving the existence of fraudulent joinder rests with the removing party. *Parnas v. General Motors Corp.,* 879 F.Supp. 91, 92 (E.D.Mo. 1995).

Counsel for Hussmann and Ingersoll Rand assert that diversity jurisdiction exists because the proper defendant, Ingersoll Rand, is a New Jersey citizen. Plaintiff is a

4

citizen of Texas, and both defendants Bloomfield and Greenwood are Missouri citizens. Thus, if Ingersoll Rand is substituted as the proper defendant, there will be diversity of citizenship.

In support of their position, Defendant Hussmann has provided the Court with various documents which, they contend, confirm that Ingersoll Rand is, in fact, the proper defendant. Of note, Hussmann and Ingersoll provided the Court with, *inter alia*, Plaintiff's W-2's and pay stubs which bear the Ingersoll Rand name [Doc. #1, Attach. 13], proof that Plaintiff authorized Ingersoll Rand to directly deposit his paycheck [Doc #1, Attach. D2], an "offer of employment" correspondence from Ingersoll Rand [Doc #1, Attach. D1], and various documents which reaffirm that Plaintiff was an employee of Ingersoll Rand [*see* Doc. #1]. In addition to these documents, Defendant Hussmann directs the Court's attention to the Original Action Plaintiff brought before the Court prior to filing their state court complaint. In his Original Action, Plaintiff continually asserts that Ingersoll Rand was his employer and seeks to hold the corporation liable under Title VII of the Civil Rights Act of 1964.

Plaintiff's Memorandum in Support of its Motion to Remand focuses entirely on Ingersoll Rand's failure to file a formal motion to join or intervene, and is completely devoid of any assertion that Ingersoll Rand is not the proper defendant. Plaintiff's reliance on formality over legality is misplaced.

When the Court determines jurisdiction, we look to "the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a

5

nominal party with no real interest in the controversy will be disregarded. *Sprint Spectrum L.P.,* WL 36143293 at *4 *(citing Hann v. City of Clinton, Okla., ex rel. Schuetter,* 131 F.2d 978, 981 (10th Cir. 1942)). Based upon consideration of the record, it is clear that Plaintiff has no cause of action against Hussmann. Plaintiff was, in fact, employed by Ingersoll Rand; therefore, they are the proper defendant in this employment discrimination action. Hussmann has been fraudulently named as a defendant in an effort to defeat federal jurisdiction in this matter. Therefore, the Court finds that Ingersoll Rand shall be substituted for Defendant Hussmann as the proper defendant in this lawsuit. As a result, Plaintiff's Motion to Remand will be denied.

## CONCLUSION

Based upon the foregoing analysis, Ingersoll Rand is the proper defendant in this action and it will be substituted for Defendant Hussmann. Thus, there is complete diversity of citizenship between Plaintiff and Defendants, and the Court therefore denies Plaintiffs' Motion for Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No.5] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Ingersoll Rand Inc. will be substituted for Hussmann..

Dated this 30th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE